UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONDA L. GARMON,

        Plaintiff,                                Case No: 1:13-cv-978

v.                                                  HON. JANET T. NEFF

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.
_____/

**OPINION AND ORDER**

        Plaintiff seeks judicial review of a decision of the Commissioner of the Social Security Administration. 42 U.S.C. § 405(g). The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R & R), recommending that this Court affirm the Commissioner's decision to deny Plaintiff's claim for Disability Insurance Benefits (DIB) under Title II of the Social Security Act. The matter is presently before the Court on Plaintiff's objections to the R & R. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the R & R to which objections have been made. The Court denies the objections and issues this Opinion and Order.

I.

        Plaintiff first argues that the Magistrate Judge erroneously upheld the ALJ's rejection of the opinions of Plaintiff's treating physician, Dr. VanderMolen, and failed to address the main issue: "whether the ALJ mischaracterized the medical evidence of record in rejecting the treating physician medical source opinions" (Obj, Dkt 21 at 1). Plaintiff complains that the Magistrate Judge merely provided a block quote of the ALJ's treating physician analysis and stated that the ALJ's rationale

is supported by substantial evidence, but the Magistrate Judge provided no detailed reasoning or evaluation of the issue. Plaintiff contends that the ALJ's improper reading of the medical evidence led to the wrongful rejection of Dr. VanderMolen's opinions. Specifically, Plaintiff states that Dr. VanderMolen's statements explain that Plaintiff's headaches are a result of occipital neuritis (neuralgia), caused by the occipital nerve, and not a result of her healed aneurysm. However, the only reasoning provided by the ALJ for rejecting Dr. VanderMolen's opinions was that Plaintiff's aneurysm had healed. Plaintiff argues that because her migraines were caused by her occipital nerve, and not her aneurysm, the reasoning given by the ALJ for rejecting Dr. VanderMolen's medical opinions cannot possibly be considered "good reasons."

Plaintiff's argument is without merit. The Magistrate Judge acknowledged that the ALJ must give good reasons for according less than controlling weight to a treating physician's opinion (R & R, Dkt 20 at 16). The Magistrate Judge recited the reasons the ALJ gave Dr. VanderMolen's opinions little weight, noting that the ALJ discussed in detail the opinions of Dr. VanderMolen as well as the other evidence of record (*id.* at 17). The Magistrate Judge block-quoted only a key excerpt of the ALJ's discussion, and a review of the record shows that the ALJ fully considered Plaintiff's medical circumstances, including Dr. VanderMolen's opinions that Plaintiff had occipital neuritis and continuing headaches, as a further excerpt from the ALJ's decision demonstrates:

> In June 2010 claimant's primary care physician, Laura VanderMolen, D.O. opined claimant had headaches 3-4 times per week. Dr. VanderMolen did not indicate how long she could sit or stand but indicated she needs a sit/stand option; could not work when she had a headache; would need to take unscheduled breaks; had a difficult time concentrating; her symptoms would frequently interfere with attention and concentration; she had not had many good days; she seemed to struggle with fine motor skills, and she needed neuropsychiatric testing (Exhibit 13F). Further, in March 2011 Dr. VanderMolen opined claimant had hypertension, left vertebral artery dissection with aneurysm now resolved, headaches and occipital neuritis (Exhibit 17F). She opined claimant had headaches, which were severe

occasionally, and she had chronic moderate daily headaches (Exhibit 17F). She opined claimant could sit 1-2 hours, stand 1-2 hours, and walk 1-2 hours in an eight-hour day (Exhibit 17F). Additionally, she opined claimant needed a sit/stand option, would need unscheduled breaks, her headaches would frequently interfere with attention and concentration, she would have good and bad days, she would be absent more than four times per month, and her lack of insurance complicated treatment (Exhibit 17F). She opined claimant might improve, if she received treatment for her headaches (Exhibit 17F).

Contrary to Plaintiff's assertion, the ALJ did not reject Dr. VanderMolen's opinions based only on the fact that Plaintiff's aneurysm had healed while ignoring that the severity of Plaintiff's headaches resulted from her occipital neuralgia. This objection is denied.

II.

Plaintiff's remaining objection is that the Magistrate Judge disregarded the ALJ's failure to provide an evidentiary basis for the RFC determination. Plaintiff asserts that similarly to the ALJ, the Magistrate Judge concluded that "Plaintiff's previous aneurysms had 'healed'" (Obj. at 3, quotations omitted). Plaintiff argues, as above with her first objection, that the ALJ's RFC determination cannot be supported by substantial evidence where the ALJ's evaluation of the medical evidence is flawed, i.e., the ALJ incorrectly determined that Plaintiff's migraines were not as severe as alleged because her aneurysm had healed (*id.*).

As discussed above, contrary to Plaintiff's argument, the ALJ did not mischaracterize the medical evidence of record (*see* Obj. at 1). The ALJ fully acknowledged the medical record concerning Plaintiff's headaches and occipital neuritis. The Magistrate Judge properly considered the evidentiary basis provided by the ALJ for the RFC determination, as required by Social Security Ruling 96-8p (R & R at 14-15). The Magistrate Judge noted that the ALJ "discussed at length the evidence of record and how such supported her RFC determination" (*id.* at 14, citing Tr. 22-23). The Magistrate Judge also specifically observed that the ALJ "noted that the record failed to support

Plaintiff's allegations of disabling headaches"[1] (*id.* at 15, citing Tr. 22-30).  Plaintiff's second objection is without merit.

Accordingly:

**IT IS HEREBY ORDERED** that the objections (Dkt 21) are DENIED, the Report and Recommendation of the Magistrate Judge (Dkt 20) is APPROVED and ADOPTED as the Opinion of the Court, and the decision of the Commissioner of Social Security is AFFIRMED.  A Judgment will be entered consistent with this Opinion and Order.


Dated:  September 24, 2014         /s/ Janet T. Neff
                                   JANET T. NEFF
                                   United States District Judge

---

[1] In determining the RFC, the ALJ stated: "Due to [Plaintiff's] continued complaints of headaches she was limited to only moderate intensity noise and no strobe lights" (ALJ Decision, Dkt 9-2 at 28).  Also, "to fully accommodate claimant's subjective allegations of headaches, she as [sic, is] further limited to work in environments with noise and intensity levels of moderate or less, and no strobe lights" (*id.* at 30).